UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LA'SHAWN JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER NASTASI, et al.,<br><br>　　　　Defendants. | Civil Action No. 16-9521 (BRM-TJB)<br><br>MEMORANDUM OPINION |

　　　　Before this Court is a complaint asserting claims pursuant to 42 U.S.C. § 1983 and application to proceed *in forma pauperis* (ECF No. 1) filed by Plaintiff La'Shawn Jones ("Plaintiff"), a prisoner confined at East Jersey State Prison. For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice

　　　　The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the filing fee for the complaint. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

　　　　The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. If *in forma pauperis* status

1

is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed. If the prisoner is granted *in forma pauperis* status, he will only be assessed the $350 filing fee and will not be responsible for the $50 administrative fee. The full amount of the $350 filing fee is paid pursuant to 28 U.S.C. § 1915(b) as follows: In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1) and (2). Although Plaintiff has provided an affidavit of indigence accompanied by an inmate account statement, that statement has not been certified by the appropriate official at each facility in which Plaintiff has been incarcerated during the last six months as required by § 1915(a)(2). Accordingly, Plaintiff has failed to provide a complete *in forma pauperis* application, and his application is denied without prejudice.

/s/Brian R. Martinotti  
HON. BRIAN R. MARTINOTTI  
UNITED STATES DISTRICT JUDGE